tition, on the part of the creditors, and obtaining an order of reference, has, in similar cases, prevailed. I am more reluctant to act in this case without a special order, as the petitioning creditor and the assignee are the same person. In such case, it is, no doubt, the duty of the register to act with caution, and perhaps not without notice to other creditors. All of which is respectfully submited.

BLATCHFORD, District Judge. The register cannot entertain the application in the first instance. There must be a petition to the court, by the party, setting out the facts, and asking the relief desired.

[NOTE. For further proceedings in this case, see Case No. 3,887.]

## Case No. 3,887.

### In re DIBBLEE et al.

[4 Ben. 304.][1]

District Court, S. D. New York. Sept., 1870.

EXPENSES OF DISCHARGE—INVOLUNTARY BANKRUPT.

Where one member of a firm of involuntary bankrupts, having applied for a discharge, petitioned for the payment by the assignee of disbursements made by him in the proceedings to obtain such discharge, under the 47th section of the bankruptcy act [of 1867 (14 Stat. 540)]: *Held,* that the act makes no distinction between a voluntary and an involuntary bankrupt, as to the right to be discharged, and that the claim should be paid.

[In bankruptcy. In the matter of Henry E. Dibblee. John J. Krauss, and David P. Bingley. For previous proceedings, see Cases Nos. 3,884–3,886.]

This was a petition to the register, in behalf of John J. Krauss, one of the bankrupts, praying that the sum of $36.66, paid by, and on behalf of said Krauss. in the proceedings incident to his discharge, might be allowed, and paid out of the funds of the estate of the bankrupts. in the hands of the assignee. On the petition the register granted an order, that the assignee show cause why the amount should not be so paid by him. On the day appointed, the assignee appeared by counsel and objected to the payment thereof, on the ground that the petitioner was an involuntary bankrupt, and, therefore, not entitled to have the disbursements incident to his proceedings for a discharge paid out of the fund. The register certified the matter to the court. stating. that, as the entire claim was for sums disbursed by the bankrupt, (one of a firm,) which were all within the provisions of the 47th section, he saw no reason for excluding it from the operation of that section. especially as the act makes no distinction between a voluntary and an involuntary bankrupt, as to his right to be discharged.

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

Simeon E. Church, for bankrupt.
Charles H. Smith, for assignee.

BLATCHFORD, District Judge. The register is correct in his view.

## Case No. 3,888.

### DIBBLEE et al. v. FURNISS et al.

[4 Blatchf. 262.][1]

Circuit Court, S. D. New York. Jan. 11, 1859.

FEDERAL COURTS—FOLLOWING STATE LAWS—PARTIES AS WITNESSES.

Under the 34th section of the judiciary act of September 24, 1789 (1 Stat. 92), which provides, that "the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision, in trials at common law, in the courts of the United States, in cases where they apply," the law of a state allowing a party to a suit to be examined as a witness on his own behalf, is a rule of decision to guide the judgment, and not a rule of practice, and must be adopted as a rule in this court.

[Cited in Gravelle v. Minneapolis & St. L. Ry. Co., 16 Fed. 436.]

In this case, which was an action at common law, on the trial before INGERSOLL, District Judge, and a jury, one of the defendants was offered as a witness for the defendants [James L. Furniss and others]. An objection was made, on the part of the plaintiffs [Henry E. Dibblee and others], to the admissibility of the testimony.

William M. Evarts. for plaintiffs.
Charles O'Conor, for defendants.

INGERSOLL, District Judge, referring to the case of Wayman v. Southard, 10 Wheat. [23 U. S.] 1, 24, said that, under the 34th section of the judiciary act of September 24, 1789 (1 Stat. 92), which provides that "the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision, in trials at common law, in the courts of the United States, in cases where they apply," he should hold that state laws prescribing rules of practice could not be regarded in this court, but that the law of New York allowing parties to be examined as witnesses in their own behalf. on ten days' notice of the points on which they were to give testimony, must be considered to be a rule of decision to guide the judgment, and not a rule of practice, and must, therefore, be adopted as a rule in this court. He said that he had made a like decision in the circuit court of the United States for the Connecticut district, in reference to a statute of Connecticut. which was, in substance, the same as the statute of New York, except that no notice of the examination of a party to a suit was required to be given, and that such decision

1 [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]